# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MARY P. JOHNSON,

      Plaintiff,

v.                          Civil Action No: 3:17-cv-344-MCR/EMT

JOHNSON & JOHNSON and      JURY TRIAL DEMANDED
ETHICON, INC.,

      Defendants.

_____/

## ANSWER AND DEFENSES OF DEFENDANT
## ETHICON, INC. TO PLAINTIFF'S COMPLAINT

Defendant Ethicon, Inc. ("Ethicon"), by and through its attorneys, responds to Plaintiff's Complaint ("Complaint") as follows.

## RESPONSE TO "PARTIES"[1]

1.      Ethicon lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, denies those allegations.

2.      Ethicon admits only that Johnson & Johnson is a New Jersey corporation with its principal place of business located at One Johnson & Johnson

---

[1] The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

Plaza, New Brunswick, New Jersey. Ethicon denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Ethicon admits only that Johnson & Johnson is a New Jersey corporation with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. Johnson & Johnson does not design, develop, manufacture, test, market, promote, distribute, or sell any product. Ethicon denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Ethicon admits that it is a New Jersey corporation with its principal place of business in Somerville, New Jersey, and is a subsidiary of Johnson & Johnson. Ethicon admits its Physiomesh has been available for purchase in the State of Florida. Ethicon denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    Ethicon admits that it has researched, developed, tested, manufactured, produced, marketed, promoted and/or sold its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not research, develop, test, manufacture, produce, market, promote or sell any product.  Ethicon denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    Ethicon admits only that it has researched, developed, tested, manufactured, produced, marketed, promoted, distributed and/or sold its

2

Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not research, develop, test, manufacture, produce, market, promote, distribute or sell any product. Ethicon denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Ethicon admits only that it has designed, manufactured, marketed, distributed, and sold its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not design, manufacture, market, label, distribute or sell any product. Ethicon denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Ethicon denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

9.      Ethicon lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and, therefore, denies those factual allegations and legal conclusions.

10.      Ethicon admits that its Physiomesh has been available for purchase in the State of Florida. Ethicon admits that it has developed, manufactured, marketed, distributed, promoted, and/or sold its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not develop, manufacture, market, distribute, promote or sell any product. Ethicon denies the

remaining factual allegations and legal conclusions contained in Paragraph 10 of Plaintiff's Complaint.

11.     Ethicon lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and, therefore, denies those factual allegations and legal conclusions.

## RESPONSE TO "FACTS COMMON TO ALL COUNTS"

12.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation.  Ethicon admits only that it has researched, designed, developed, tested, manufactured, produced, marketed, promoted, distributed and sold its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not research, design, develop, test, manufacture, produce, market, promote, distribute or sell any product.  Ethicon denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that

allegation.  Ethicon admits only that it has designed, manufactured, and sold its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not design, manufacture, or sell any product. Ethicon denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Ethicon admits only that its Physiomesh is safe and effective for uses consistent with the packaging and labeling. Ethicon denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Ethicon denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Ethicon denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Ethicon denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Ethicon denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Ethicon denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Ethicon denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.   Ethicon denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.   Ethicon denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.   Ethicon denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.   Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.   Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.   Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation Ethicon denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

## RESPONSE TO "COUNT I
## STRICT PRODUCT LIABILITY: DEFECTIVE DESIGN"

28.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon admits only that its Physiomesh is safe and effective for uses consistent with the packaging and labeling. Ethicon denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation.  Ethicon denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation.  Ethicon admits only that it has designed, manufactured, and sold its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not design, manufacture, or sell any product. Ethicon denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Ethicon denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Ethicon admits only that it has marketed and promoted its Physiomesh for uses consistent with the packaging and labeling. Johnson &

Johnson does not market or promote any product. Ethicon denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Ethicon denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Ethicon denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Ethicon denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Ethicon denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Ethicon denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## RESPONSE TO "COUNT II
## STRICT PRODUCT LIABILITY: FAILURE TO WARN"

40.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon admits that its Physiomesh is safe and effective for uses consistent with the packaging and labeling. Ethicon admits that it has designed and manufactured its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not design or manufacture any product. Ethicon denies the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Ethicon denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Ethicon denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Ethicon denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Ethicon denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Ethicon denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Ethicon denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Ethicon denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Ethicon lacks sufficient knowledge or information to know whether Plaintiff Mary P. Johnson used any of its products, and Ethicon denies that allegation. Ethicon denies the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Ethicon denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

### RESPONSE TO "COUNT III NEGLIGENCE"

51.     Ethicon admits that it has certain duties imposed on it by law, but denies that it breached any duty. Ethicon admits that it has designed, tested, manufactured, marketed, and distributed its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not design, test, inspect,

manufacture, package, label, market or distribute any product. Ethicon denies the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.    Ethicon denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.    Ethicon admits only that it has designed, tested, manufactured, marketed, and distributed its Physiomesh for uses consistent with the packaging and labeling. Johnson & Johnson does not design, test, inspect, manufacture, package, label, market or distribute any product. Ethicon denies the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

## RESPONSE TO "COUNT IV
## PUNITIVE DAMAGES"

54.    Ethicon denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

Ethicon denies the allegations contained in the unnumbered "Wherefore" Paragraph directly following Paragraph 54 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any recovery or any form of relief whatsoever from Ethicon.

Ethicon denies the allegations contained in the last Paragraph under COUNT IV of Plaintiff's Complaint, and denies that Plaintiff is entitled to any recovery or any form of relief.

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted due to lack of adequate product identification.

## THIRD DEFENSE

Plaintiff's claims are barred for lack of subject matter jurisdiction.

## FOURTH DEFENSE

Plaintiff's claims are barred for lack of personal jurisdiction.

## FIFTH DEFENSE

Venue in this Court is improper, and this matter should be dismissed on intra-state or interstate forum non conveniens grounds.

## SIXTH DEFENSE

Certain of Plaintiff's claims and remedies and the defenses thereto are governed by the laws of a foreign jurisdiction or the laws of the United States.

## SEVENTH DEFENSE

The improper joinder of Plaintiff's alleged causes of action violate the procedural and substantive due process rights of Ethicon under the Constitutions of

the United States of America and the applicable state, as well as the applicable Rules of Civil Procedure and the laws of the applicable state.

## EIGHTH DEFENSE

The improper joinder of Defendants violates the procedural and substantive due process rights of Ethicon under the Constitutions of the United States of America and the applicable state.

## NINTH DEFENSE

Ethicon is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in Florida and any other state whose law is deemed to apply in this case.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of federal preemption, as established by statute, including the preemption provision of the Medical Device Amendments, 21 U.S.C. § 360k(a), to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and by state and federal case law, and are barred by the Supremacy Clause of the United States Constitution, because the product at issue is regulated by the U.S. Food and Drug Administration ("FDA") under the Medical Device Amendments, 21 U.S.C. § 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations.

**ELEVENTH DEFENSE**

At all relevant times, Ethicon was in full compliance with all applicable federal statutes and regulations, including but not limited to the Medical Device Amendments, 21 U.S.C. § 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations, and Plaintiff's claims are accordingly barred.

**TWELFTH DEFENSE**

Plaintiff's claims against Ethicon are expressly and/or impliedly preempted by federal law, including but not limited to, the regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations.  *See* 21 U.S.C. § 301 *et seq.*; *see also* Fed. Reg. 3922 (Jan. 24, 2006).

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Ethicon complied with all applicable state and federal statutes regarding the product at issue including the requirements and regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations.  In the event that Plaintiff's claims are not barred, Ethicon is entitled to a presumption that the product at issue is free from any defect or defective condition as the plans or design for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were in conformity with government standards established for the industry that were in existence at the time the plans or designs for the product at issue or the methods

and techniques of manufacturing, inspecting, and testing the product at issue were adopted.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that federal and state constitutional law and federal and state common law give to discretionary actions by the FDA under the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq*., and regulations promulgated thereunder.

## FIFTEENTH DEFENSE

Plaintiff's claims are governed and barred, in whole or in part, by Sections 2, 4, and 6 of The Restatement (Third) of Torts (including the comments thereto) because Ethicon complied with all applicable statutes and with the requirements and regulations of the FDA.

## SIXTEENTH DEFENSE

Any claims by Plaintiff relating to alleged communications with regulatory agencies in the United States government are barred in whole or in part by operation of applicable law, including the First Amendment rights of Ethicon to petition the government.

## SEVENTEENTH DEFENSE

Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under the law with determining the content of warnings and labeling for medical devices.

15

## EIGHTEENTH DEFENSE

Plaintiff cannot state a claim with regard to warnings and labeling for medical devices because the remedy sought by Plaintiff is subject to the exclusive regulation of FDA.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to assert a safer design for any of the product at issue.

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue provided a benefit to users of such products and greatly outweighed any risk created by using such product, any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

## TWENTY-FIRST DEFENSE

Ethicon made no express or implied representations or warranties of any kind to Plaintiff, nor did Plaintiff rely on any representations or warranties made by Ethicon to others.

## TWENTY-SECOND DEFENSE

Any express or implied warranties alleged to have been made by Ethicon were disclaimed.

## **TWENTY-THIRD DEFENSE**

Ethicon did not make nor did it breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relied on any theory of breach of warranty, such claims are barred by applicable law, by the lack of privity between Plaintiff and Ethicon, and/or by Plaintiff's failure to give Ethicon timely notice of the alleged breach of warranty and an opportunity to cure. Ethicon further specifically pleads as to any breach of warranty claim all affirmative defenses available to Ethicon under the Uniform Commercial Code, as enacted in the State of Florida or any other state whose law is deemed to apply in this case, and under the common law principles of Florida and any state whose law is deemed to apply in this case.

## **TWENTY-FOURTH DEFENSE**

The injuries and damages allegedly suffered in this action, which are denied, were not foreseeable to Ethicon given the state of scientific knowledge and state-of-the-art at the time of the alleged injuries.  At all times relevant, the product at issue conformed to state-of-the-art specifications and state-of-scientific knowledge for such product at that time, as well as all applicable statutes and regulations, including those of FDA.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred because the product at issue was manufactured and labeled in accordance with the terms of FDA's clearance of the product at issue.

### TWENTY-SIXTH DEFENSE

To the extent that any of Plaintiff's claims can be, or are construed as, alleging a violation of consumer protection laws, Ethicon specifically pleads all affirmative defenses available to Ethicon under the rules and statutes of Florida and/or any state whose law is deemed to apply in this case, and under the common law principles of Florida and/or any state whose law is deemed to apply in this case.

### TWENTY-SEVENTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the use of the product at issue in this case and thus the "last clear chance" and assumption of the risk doctrines bar in whole or in part the damages that Plaintiff seeks to recover herein.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Ethicon acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of its product.

## TWENTY-NINTH DEFENSE

At all relevant times herein, the product in question was manufactured and distributed with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time.

## THIRTIETH DEFENSE

Plaintiff's inadequate warning claims are barred because the alleged risk of which Plaintiff claims is open, obvious, and/or a matter of common knowledge.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was consistent with and/or exceeded consumer expectations.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

## THIRTY-THIRD DEFENSE

Adequate and complete warnings and instructions were provided with the product at issue.  The product at issue was neither defective nor unreasonably dangerous when used according to its Instructions for Use.

## THIRTY-FOURTH DEFENSE

At all relevant times, the warnings and instructions accompanying the product at issue were governed by and conformed to applicable federal statutes, rules and regulations; therefore, warnings and instructions relating to the product were presumptively adequate.

## THIRTY-FIFTH DEFENSE

Plaintiff's causes of action are barred by the learned intermediary doctrine.

## THIRTY-SIXTH DEFENSE

Ethicon is not liable to Plaintiff because the end users of the product at issue, Plaintiff's physician(s), were sophisticated users of the product.

## THIRTY-SEVENTH DEFENSE

Ethicon states that the sole proximate cause of the injuries and/or damages alleged by Plaintiff was the actions, omissions, or negligence of a person or persons, other than Ethicon, for whose actions, omissions, or negligence Ethicon is in no way liable.  Plaintiff is not, therefore, entitled to recover from Ethicon in this action.  As to Plaintiff or to any other entity or person whose conduct or intervening negligence resulted in the alleged injuries and/or damages of Plaintiff, if any, Ethicon expressly pleads the doctrines of assumption of risk, contributory negligence, comparative fault and/or comparative negligence, as well as the provisions of any applicable comparative fault and/or comparative negligence

and/or contributory negligence statute, law or policy of Florida and any other applicable state.

## THIRTY-EIGHTH DEFENSE

The injuries and damages allegedly suffered in this action, which are denied, may have been caused, in whole or in part, by Plaintiff's own fault, which bars or proportionately reduces Ethicon's liability, if any, for Plaintiff's alleged damages.

## THIRTY-NINTH DEFENSE

Plaintiff voluntarily and unreasonably chose to encounter known dangers.

## FORTIETH DEFENSE

The liability of Ethicon, if any, for Plaintiff's non-economic loss must be apportioned in accordance with the provisions of the law of Florida and any other applicable state.

## FORTY-FIRST DEFENSE

In the event Ethicon is held liable to Plaintiff, which liability is expressly denied, and any other co-defendants are also held liable, Ethicon is entitled to a percentage contribution of the total liability from said co-defendants in accordance with principles of equitable indemnity and comparative contribution and pursuant to any applicable contribution or apportionment statute, law or policy of the applicable states.

## FORTY-SECOND DEFENSE

There is no causal relationship between Ethicon's conduct and the injuries and damages alleged by Plaintiff in the Complaint.

## FORTY-THIRD DEFENSE

At all times mentioned herein, Plaintiff was negligent, careless and at fault and conducted herself so as to contribute substantially to her alleged injuries, losses, and damages.  Said negligence, carelessness and fault of Plaintiff bars in whole or in part the damages which Plaintiff seeks to recover herein.

## FORTY-FOURTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were solely caused by and attributable to the abnormal, unforeseeable, unintended, unreasonable, and improper use or misuse which was made of said product.

## FORTY-FIFTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

## FORTY-SIXTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the product at issue in this case, if any, were caused by the acts or omissions of third parties for which Ethicon has no legal responsibility.

## FORTY-SEVENTH DEFENSE

Ethicon expressly denies any third party engaging in the acts alleged by Plaintiff was acting as Ethicon's agent or servant, at the instruction of Ethicon, or within its control.  Therefore, Plaintiff's claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

## FORTY-EIGHTH DEFENSE

Plaintiff's causes of action are barred because the injuries and damages allegedly suffered in this action, which are denied, were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident, or preexisting condition, and/or another unrelated medical, genetic or environmental condition, disease or illness, without any negligence or culpable conduct by Ethicon.

## FORTY-NINTH DEFENSE

Plaintiff's claims are or may be barred by their failure to comply with conditions precedent to her right to recover.

## FIFTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## FIFTY-FIRST DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence and the failure to properly preserve evidence necessary to the determination of the claim.

## FIFTY-SECOND DEFENSE

Plaintiff's claims against Ethicon are barred by the doctrines of equitable estoppel, laches, consent, waiver, informed consent, release, unclean hands, res judicata, and collateral estoppel.  Additionally, if any plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of any such plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than plaintiff, or, if not disclosed by plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## FIFTY-THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by the statutes of limitations, prescription, and/or statutes of repose of Florida or any other applicable state.

## FIFTY-FOURTH DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

## FIFTY-FIFTH DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## FIFTY-SIXTH DEFENSE

The sale, labeling and marketing of the product at issue in this litigation is not, and was not, likely to mislead or deceive the public.

## FIFTY-SEVENTH DEFENSE

The product at issue was altered after the product left the control, custody and possession of Ethicon, and said alteration relieves Ethicon of any and all liability.

## FIFTY-EIGHTH DEFENSE

Any strict liability cause of action for relief is subject to the limitations set forth in Restatement (Second) of Torts, Section 402A, and comment k.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part under Section 402A, comment j and k of the Restatement (Second) of Torts.

## SIXTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised her claims by any means.

## SIXTY-FIRST DEFENSE

Any recovery by Plaintiff must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

## SIXTY-SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, rescission, unjust enrichment, disgorgement or restitution.

## SIXTY-THIRD DEFENSE

Plaintiff's claims for pain and suffering are barred because they violate Ethicon's rights to procedural and substantive due process and equal protection as guaranteed by the Constitutions of the United States and Florida.

## SIXTY-FOURTH DEFENSE

Ethicon asserts the provisions of all applicable statutory caps on damages of any sort, including punitive, non-economic or exemplary damages, under the laws of Florida and any other applicable state.

## SIXTY-FIFTH DEFENSE

Ethicon specifically pleads as to Plaintiff's strict liability claims, all affirmative defenses available to Ethicon under the rules and statutes of Florida and any state whose law is deemed to apply in this case, and under any common law principles of Florida and any state whose law is deemed to apply in this case.

## SIXTY-SIXTH DEFENSE

Ethicon specifically pleads as to Plaintiff's negligence claims all affirmative defenses available to Ethicon under the rules and statutes of Florida and any state whose law is deemed to apply in this case, and under any common law principles of Florida and any state whose law is deemed to apply in this case.

## SIXTY-SEVENTH DEFENSE

The Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.

## SIXTY-EIGHTH DEFENSE

No act or omission of Ethicon was malicious, oppressive, willful, wanton, reckless, or grossly negligent, and therefore any award of punitive damages is barred.

## SIXTY-NINTH DEFENSE

The imposition of punitive or exemplary damages would violate Ethicon's constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United

States, and the equivalent or correlative applicable provisions in the Constitutions, common law, public policy, applicable statutes and court rules of the applicable states to these amendments and the excessive fines clause in the Eighth Amendment to the Constitution of the United States and the double jeopardy clause in the Fifth Amendment to the Constitution of the United States.  To the extent that punitive damages awarded to any plaintiff are (1) imposed by a jury that is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award; is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the corporate status, wealth, or state of residence of defendant; or is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; (2) are not subject to independent de novo review by the trial and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution as amended or any applicable State constitution as amended; (3) imposed where state law is

impermissibly vague, imprecise, or inconsistent; (4) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; or (5) imposed on the basis of anything other than Ethicon's conduct within the State where each plaintiff resides, or in any other way subjecting Ethicon to impermissible multiple punishment for the same alleged wrong.

## SEVENTIETH DEFENSE

Ethicon specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as applied to the state and federal courts of the applicable states under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## SEVENTY-FIRST DEFENSE

With respect to Plaintiff's demand for punitive damages, Ethicon specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards that arise under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group*, Inc., 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and their progeny, as applied by the federal courts of appeals, together with all such standards applicable under any other state's law.

### SEVENTY-SECOND DEFENSE

Ethicon specifically pleads as to Plaintiff's claims for punitive damages, all affirmative defenses available to Ethicon under the rules and statutes of Florida and any state whose law is deemed to apply in this case, and under any common law principles of Florida and any state whose law is deemed to apply in this case.

### SEVENTY-THIRD DEFENSE

Ethicon hereby gives notice that it intends to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

### SEVENTY-FOURTH DEFENSE

Ethicon reserves the right to assert any additional defenses and matters in avoidance, which may be disclosed during the course of additional investigation and discovery.

Ethicon denies any and all allegations contained in Plaintiff's Complaint not specifically admitted hereinabove.

### DEMAND FOR JURY TRIAL

Ethicon demands trial by jury of all issues so triable as a matter of right.

WHEREFORE, Defendant Ethicon prays that:

(1)    Plaintiff takes nothing by reason of the Complaint;

(2)    The Complaint is dismissed in its entirety and that a Judgment against Plaintiff and in favor of Ethicon is entered;

(3)     Ethicon be awarded its costs and expenses; and

(4)     This Court award Ethicon any other and general or specific relief as

this Court may deem just and proper.

Respectfully submitted this 12th day of June, 2017.

/S/ Larry Hill
Larry Hill
Florida Bar No. 173908
lhill@mhw-law.com
ljohnson@mhw-law.com
Charles F. Beall, Jr.
Florida Bar No. 66494
cbeall@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
Telecopier: (850) 435-7899

*Attorneys for Defendants Johnson & Johnson and Ethicon, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY a true and correct copy of the foregoing was served via EM/ECF delivery to Douglass A. Kreis, AYLSTOCK, WITKIN, KREIS & OVERHOLZ, PLLC, 17 East Main Street, Suite 200, Pensacola, FL 32502, this the 12th day of June, 2017.

*/S/ Larry Hill*_____