# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH | : | MDL DOCKET NO. 2782 |
| FLEXIBLE COMPOSITE | : | ALL CASES |
| HERNIA MESH PRODUCTS | : | |
| LIABILITY LITIGATION, | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:17-MD-02782-RWS |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## PRACTICE AND PROCEDURE ORDER AND
## NOTICE OF INITIAL CONFERENCE

**1. Initial Conference**.  The Court will hold the initial case management

conference on August 1, 2017, at 2:00PM in Courtroom 2105, United States

Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.

  **(a) Attendance**.  To minimize costs and facilitate a manageable

conference, parties are not required to attend the conference, and

parties with similar interests are expected to agree to the extent

practicable on a single attorney to act on their joint behalf at the

conference.  A party will not, by designating an attorney to

represent its interests at the conference, be precluded from other

representation during the litigation.  Attendance at the conference will not waive objections to jurisdiction, venue, or service.

**(b) Service List**.  This Order is being served electronically on the persons registered with the Northern District of Georgia's CM/ECF system and appearing as counsel in any of these cases currently filed in or transferred to this court.  The Clerk's office will mail copies of the Order to others.  Counsel are requested to forward a copy of the Order to other attorneys who should be notified of the conference.  After the initial conference, all attorneys participating in these cases will be required to be registered with the Court's CM/ECF system.

**(c) Other Participants**.  Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

2. **Purposes and Agenda**.  The conference will be held for the purposes specified in Federal Rules of Civil Procedure ("Rule") 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).  Within ten days of

2

the date of this Order, counsel shall furnish suggestions for items to be included on the agenda for this conference.

### 3. Preparations for Conference

**(a) Procedures for Complex Litigation**.  Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth, and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

**(b) Initial Conference of Counsel**.  Before the conference, counsel should confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.

**(c) Preliminary Reports**.  Counsel will submit to the Court by July 25, 2017, a brief consolidated written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  Counsel should include in

AO 72A
(Rev.8/82)

these statements a list of all pending motions and a list of all related cases pending in state or federal courts and their current status, to the extent known.  The statements should be sent to the Courtroom Deputy Clerk, Ms. Stacey Kemp at

stacey_kemp@gand.uscourts.gov  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.

**(d) List of Affiliated Companies and Counsel**.  To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by August 1, 2017, a list of all companies affiliated with the parties and all counsel associated in the litigation.

**4. Interim Measures**.  Until otherwise ordered by the Court:

**(a) Admission and Appearance of Counsel**.  Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation.  Association of local co-counsel is not required.  Counsel who appeared in the transferor

4

district court before the transfer need not enter a separate appearance before this Court.

**(b) Pleadings**.  Each Defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

**(c) Pending and New Discovery**.  Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated.  This Order does not (1) preclude voluntary informal discovery as to the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Rules 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rules 33, 34, or 36.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

**(d) Motions**.  No motion shall be filed under Rule 11, 12, or 56

5

without leave of Court and unless it includes a certificate that the

movant has conferred with opposing counsel in a good-faith effort

to resolve the matter without court action.

**(e) Orders of Transferor Courts**.  All orders by transferor courts

imposing dates for pleading or discovery are vacated.

**5. Later Filed Cases**.  This Order shall also apply to related cases later

filed in, removed to, or transferred to this Court.

**SO ORDERED**, this 21st day of June, 2017.

_____
**RICHARD W. STORY**
United States District Judge

6