UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL DOCKET NO. 2782 ALL CASES CIVIL ACTION NO. 1:17-MD-02782-RWS |

## PRACTICE AND PROCEDURE ORDER NO. 2

## MASTER PLEADINGS; DIRECT FILING; SHORT FORM COMPLAINTS; SERVICE OF PROCESS; MOTIONS

### I.   INITIAL PROVISIONS

#### A.   Applicability: Member Actions

For purposes of this Order, "member actions" shall include all actions transferred to MDL No. 2782 in the JPML Transfer Order, all pending or future related or "tag-along" actions transferred to MDL No. 2782 by the JPML, all pending or future actions filed in state court, removed to a federal district court and transferred to MDL No. 2782 by the JPML, and all pending or future actions directly or originally filed in this Court and assigned to MDL No. 2782.  These cases are referred to as "member actions."

1

### B.      Responsive Pleading Stay Remains in Effect

Unless otherwise ordered by the Court, the stay of Defendants' responsive pleading deadlines remains in effect.  *See* Court's Practice and Procedure Order and Notice of Initial Conference (Doc. 148), paragraph 4(b) ("Pleadings"); Order (Doc. 151); Order (Doc. 208), paragraph 5.

### C.      Motions: Meet and Confer/Requirements for Leave

All Motions must comply with this Court's Practice and Procedure Order and Notice of Initial Conference (Doc. 148), paragraph 4(d) ("Motions").

### D.      Extensions

Unless otherwise ordered by the Court, the parties may agree to reasonable extensions of any deadlines imposed by the Practice and Procedure Orders of this Court.

## II.    MASTER  COMPLAINT  AND  ANSWER;  RESPONSIVE PLEADINGS

### A.      Plaintiffs' Master Complaint

On or before September 12, 2017, Plaintiffs shall file and serve a Master Complaint against Johnson & Johnson and Ethicon, Inc. ("Defendants").  This pleading shall be filed in the Master Docket.  Once filed, all allegations against Defendants in Plaintiffs' Master Complaint are deemed to have been pleaded in all member actions.

### B.    Defendants' Response to Plaintiffs' Master Complaint

1.    Within 30 days of service of Plaintiffs' Master Complaint, Defendants shall file their Master Answers and Defenses or a pleading under Federal Rule of Civil Procedure 12 in lieu of an Answer.

2.    If Defendants seek to file a Rule 12 motion in response to the Plaintiffs' Master Complaint, Defendants shall comply with this Court's Practice and Procedure Order and Notice of Initial Conference (Doc. 148), paragraph 4(d) ("Motions") and shall attach Defendants' Motion as an exhibit to Defendants' Motion for Leave.

3.    If the Court grants the above-referenced Motion for Leave, Defendants' Motion shall be deemed filed on the date leave is granted, and the Clerk shall separately docket Defendants' Motion and Memorandum of Law.

4.    If the Court grants the above-referenced Motion for Leave, Defendants shall not be required to answer the Master Complaint until 30 days after the Court rules on any such motion, or as otherwise set forth by Court Order.

### C.    Defendants' Master Answers and Defenses

1.    Defendants' Master Answers and Defenses shall be filed in the Master Docket.

2.     All responses contained in Defendants' Master Answers and Defenses shall be deemed to have been pleaded in all member actions in which a Short Form Complaint has been or will be filed.

3.     Defendants' Master Answers and Defenses shall not waive any applicable defenses available in any individual member action, including but not limited to any challenges to jurisdiction and venue, and Defendants may respond to any member action by way of individual motion(s) as permitted by the Federal Rules of Civil Procedure and the Practice and Procedure Orders of this MDL.

## III.   DIRECT FILINGS: COMPLAINTS

### A. Direct Filing in MDL No. 2782

Any Plaintiff whose case if filed elsewhere would otherwise be subject to transfer to this MDL by the JPML may file a Complaint directly with the Clerk of this Court.  Direct filing will also be available for Short Form Complaints, subject to the provisions in Section IV, below.  The direct filing procedure herein shall apply only to claims against Ethicon, Inc. and Johnson & Johnson.

### B. Service

The direct filing of any Complaint in this MDL does not relieve Plaintiffs of the obligation to serve the named Defendant(s) with process pursuant to Federal

Rule of Civil Procedure 4 or as otherwise provided by law, or by the electronic service process set forth in Section V below.

### C. Reservation of All Rights and Defenses

The direct filing of any Complaint in this MDL is solely for purposes of administrative efficiency, centralized discovery, and related pretrial proceedings as provided in 28 U.S.C. § 1407. The direct filing of any Complaint does not constitute a determination by this Court that jurisdiction or venue is proper in this Court. Upon the completion of pretrial proceedings applicable to a case filed directly in this MDL pursuant to this paragraph, and where appropriate, the Court shall transfer the case pursuant to 28 U.S.C. § 1404 to a court of appropriate jurisdiction and venue for trial. For any Complaint, no matter how filed, Defendants reserve all rights to challenge personal jurisdiction or the appropriate venue after the conclusion of pretrial proceedings in this Court, or at any other appropriate time.

## IV.   SHORT FORM COMPLAINTS

### A. Submission of Short Form Complaint for Court Approval

1.   Lead Counsel for Plaintiffs and Lead Counsel for Defendants will jointly submit to the Court a proposed Short Form Complaint by September 12, 2017.

2.     If the parties cannot agree on a proposed Short Form Complaint for joint submission, each side may submit its proposed version to the Court for consideration.

3.     The Court shall enter an Order in the Master Docket approving the Short Form Complaint.

4.     The Court-approved Short Form Complaint will be converted to electronic form in a form agreed to by Lead Counsel for Plaintiffs and Lead Counsel for Defendants.

5.     Lead Counsel for Plaintiffs and Lead Counsel for Defendants shall jointly submit to the Court for approval a proposed Practice and Procedure Order detailing the process by which Plaintiffs may utilize an electronic Short Form Complaint procedure by September 12, 2017.

## B. Short Form Complaint Obligations

1.     A Short Form Complaint must be filed by each Plaintiff in every case, regardless of whether the action was originally filed in another court and transferred by the JPML to MDL No. 2782 or directly filed in the Northern District of Georgia.

2.      A Short Form Complaint must be filed <u>only</u> in the individual member action docket, and may only name Ethicon, Inc. and Johnson & Johnson as Defendants.

3.      A Short Form Complaint must be filed according to the following schedule:

        a.      Any pending member action, whether direct-filed or transferred, must file a Short Form Complaint within 30 days of the Court's approval of the form of Short Form Complaint.

        b.      Any new case that is directly filed in MDL No. 2782 following entry of the Order approving the Short Form Complaint must utilize the Court-approved Short Form Complaint.

        c.      Any case that is subsequently transferred by the JPML to MDL No. 2782 must file a Short Form Complaint within 30 days of the date the member action is assigned a docket number by the Northern District of Georgia.

4.      If a Plaintiff does not file a Short Form Complaint as provided in this Order, the Defendants shall bring this matter to the Plaintiff's attention, and if not rectified within ten (10) days, Defendants may file a motion asking the Court to strike the pleading from the docket.

5.     The utilization of a Short Form Complaint in this MDL does not relieve Plaintiffs of the obligation to serve the named Defendant(s) with process as required by Federal Rule of Civil Procedure 4 or otherwise as provided by law, or by the electronic service process set forth in Section V below, within the time required by Rule 4(m), regardless of the method of service utilized.

## V.     SERVICE OF PROCESS

### A.     Preservation of All Defenses; Alternative Service Methods

1.     Only as set forth herein, Defendants Ethicon Inc. and Johnson & Johnson agree to waive service of process of Complaints directly filed in MDL No. 2782 provided that service is effected consistent with the provisions set forth herein.  Service will be effective only if accomplished as set forth below or through other means as authorized by Federal Rule of Civil Procedure 4 or otherwise as provided by law.  By agreeing to waive service as set forth below, Defendants do not waive any claims, affirmative defenses or other defenses of any nature whatsoever, including but not limited to any defense based on lack of personal jurisdiction or improper venue, other than challenges to service of process or sufficiency of service of process as specifically set forth herein.

2.     This Order does not preclude Plaintiffs from effecting service pursuant to other means authorized under the Federal Rules of Civil Procedure or

otherwise provided by law.  However, should Plaintiffs utilize a method of service other than the waiver procedures set forth below, such service, to be effective, must be made consistent with any applicable legal requirements and Plaintiffs must file proof of such service in the individual member action docket under Federal Rule of Civil Procedure 4(*l*)(1).

   3.   Waiver of Service of Process: Direct Filed and Transferred Actions

       a.   For Complaints that are directly filed in MDL No. 2782 before such time as the Court approves the Short Form Complaint process as provided in Section IV(A), or any member action that is transferred to MDL No. 2782 by the JPML, the Plaintiff may request a waiver of service of process from Defendants pursuant to Federal Rule of Civil Procedure 4(d)(1) by emailing, return receipt requested, a Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons to the following email: MDLPhysiomesh @butlersnow.com.

       b.   Defendants need not return the waiver and instead may acknowledge receipt of the request for waiver through the provision in Section V(B) below.

   4.   Waiver of Service of Process: Short Form Complaints

     a.     For Short Form Complaints, the Plaintiff may email, return receipt requested, the as-filed Short Form Complaint to the following email:  MDLPhysiomesh@butlersnow.com.

     b.     Defendants shall acknowledge receipt as provided below.

**B.    Defendants' Responsive Pleadings**

1.    Counsel for Ethicon and J&J shall acknowledge receipt of a Complaint by filing a Notice of Appearance in the individual member action docket within 60 days after receipt of proper service of process as provided by Federal Rule Civil Procedure 4 or otherwise as provided by law, or by the electronic service process set forth in Section V herein.

2.    The filing of the Notice of Appearance constitutes Defendants' responsive pleading and incorporates all defenses contained in Defendants' Master Answers and Defenses.  Where a Notice of Appearance is filed, Defendants are not required to file an Answer and Defenses in any individual member action.  Entry of a Notice of Appearance by Lead Counsel for Defendants (including an appearance entered prior to transfer to MDL No. 2782, or prior to the filing of a Short Form Complaint) in an individual member action shall constitute a denial of all allegations against Defendants and an assertion of all defenses included in Defendants' Master Answers and Defenses.

3.     Defendants may, but are not required to, file a responsive motion (e.g., Rule 12 motion) to any Complaint, whether the case originates through direct filing, transfer, or otherwise.

4.     If Defendants desire to file such a responsive motion, they shall comply with this Court's Practice and Procedure Order and Notice of Initial Conference (Doc. 148), paragraph 4(d) ("Motions").

5.     Nothing in this Section or this Order waives any defenses or otherwise precludes Defendants from subsequently filing any responsive or dispositive motion allowed by the Federal Rules of Civil Procedure.

## VI.    NAMED PLAINTIFFS AND DEFENDANTS

### A.    One Plaintiff/Consortium Plaintiff per Action

1.     No Complaint in MDL No. 2782 may name more than one plaintiff, except for a consortium plaintiff or plaintiff in a representative capacity of a single individual (e.g., personal representative and spouse of individual decedent in a wrongful death/estate claim action) if permitted by applicable law.

2.     If a Complaint is filed that includes more than one plaintiff, except for the first named Plaintiff and consortium or representative plaintiff(s), if applicable, the Defendants may move for and the Court shall enter an Order dismissing all claims except those of the first-filed plaintiff without prejudice.  Within ten (10)

days of such Order, the dismissed plaintiff(s) may file a separate action using the Short Form Complaint.  If the Short Form Complaint is filed within ten (10) days of such Order, the date of filing shall be deemed to relate back to the filing of the original complaint for purposes of calculating any statute of limitations and/or statute of repose.

3.     Use of the procedure outlined above does not relieve any Plaintiff of the obligation to timely serve the named Defendant(s) with process under Federal Rule of Civil Procedure 4, or by the electronic service process set forth in Section V herein.

### B.     Wrongful Death Actions; Representatives

If a Complaint asserts a claim for wrongful death, it may only be filed by a properly appointed estate representative or such person(s) or entities authorized by law to pursue such claim.

### C.     Default Judgment

No Plaintiff may file or move for a default judgment in a member action without first providing written notice of same to Lead Counsel for Defendants by email and allowing 14 days from the receipt of such notice for Defendants to cure.

**D.      Time for Service; Dismissal without Prejudice**

For any action in which Defendants have not been served with process as required by Federal Rule of Civil Procedure 4 or otherwise as provided by law, or by the electronic service process set forth in Section V herein, Plaintiffs shall accomplish proper service within the time prescribed by Federal Rule of Civil Procedure 4(m).  If Plaintiffs fail to effect timely service, Defendants may move for an Order that the action be dismissed without prejudice.

SO ORDERED, this *22 nd* day of August, 2017.

RICHARD W. STORY
United States District Judge