**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE: ETHICON PHYSIOMESH** | : | **MDL DOCKET NO. 2782** |
| **FLEXIBLE COMPOSITE** | : | **ALL CASES** |
| **HERNIA MESH PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | **CIVIL ACTION NO.** |
| | : | **1:17-MD-02782-RWS** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**PRACTICE AND PROCEDURE ORDER No. 26**
**Requirements for Record Preservation and *Prima Facie***
**Evidence of Implant, Injury and Causation**

This Order applies to all Plaintiffs with personal injury claims filed in, removed to, or transferred to this MDL on or after the date of entry of this Order. This Order requires all such Plaintiffs to comply with certain preservation obligations and to produce certain specified information regarding their claim. Plaintiffs who represent themselves *pro se* in this proceeding shall be bound by the requirements of this Order and shall fully comply with all obligations required of counsel by this Order, unless otherwise stated.

**I.  PRESERVATION NOTICE REQUIREMENT**

    A.  For all cases filed on or after the date of entry of this Order, after the case is docketed in this Court (either through direct filing or JPML transfer), counsel for Defendants shall serve upon counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) a copy of this Order. Within fourteen (14) days of receipt of notice of this Order from counsel for Defendants, counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall send a Notice to the following individuals or entities, advising that the individual or entity may have records relevant to the Plaintiff's Claim in

1

58943740.v1

this MDL proceeding and that any records relating to the Plaintiff must be preserved pending collection by Plaintiff:

    1.    All pharmacies that dispensed any medication to the Plaintiff related to any and all claims and/or alleged injuries for the period from five (5) years prior to the date of the alleged injury claimed to the present; and

    2.    All physicians, medical facilities, other healthcare providers and/or other persons who implanted or explanted Physiomesh in or from Plaintiff or otherwise treated the Plaintiff related to any and all claims in the case, including abdominal surgeries and/or hernia-related pain or injuries.

    B.    Counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall serve a signed certification verifying that Notices were sent and attach copies of the Notices with the certification. This will be done within thirty (30) days of receipt of notice of this Order from counsel for the Defendants.

    1.    Plaintiffs shall serve the certification required by this Paragraph by one of the following methods:

        a.    By email to PhysiomeshPreservation@ButlerSnow.com; or

        b.    By United States Mail or other carrier, post-marked on or before the deadlines set forth in this Paragraph (with return receipt) to the following: Catherine Mason, Butler Snow, LLP, P.O. Box 6010, Ridgeland, MS, 39158-6010.

## II.    DISCOVERY REQUIREMENTS

    A.    All Plaintiffs subject to this Order shall produce the following documents and/or information:

58943740.v1

1.  A Plaintiff Fact Sheet ("PFS") and authorizations in the forms previously approved by the Court that comply with the requirements of Practice and Procedure Order No. 10;

2.  All medical records relating to the Plaintiff from all healthcare providers who received notice pursuant to paragraphs I.A.1. and I.A.2. above, and which must further include product identification, implant and explant records, and any records relating to Physiomesh, the claims and/or alleged injuries; and

3.  An affidavit signed by the Plaintiff or his/her counsel (i) attesting that, to the best of his/her knowledge, all medical records described in subparagraph II.A.2. have been collected; and (ii) attesting that all records collected have been produced pursuant to this Order.

B.  If any of the documents or records described in Section II.A.2 above do not exist, the signed affidavit by Plaintiff or Plaintiff's counsel shall state that fact and the reasons, if known, why such materials do not exist, and shall make every effort to provide a "No Records Statement" from the healthcare provider, where available.

C.  Plaintiffs shall produce the items required in Sections II.A. and II.B. above within sixty (60) days of receipt of notice of this Order from counsel for Defendants.

D.  All Plaintiffs shall also produce expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

1.  A Rule 26(a)(2) case-specific expert report concerning the specific causation of the Plaintiff's alleged injury. The case-specific expert report should include, at a minimum, a precise identification of the Plaintiff's implant with Physiomesh, the reasons for the implant, and the nature of the Plaintiff's alleged injury, along with

58943740.v1

the details of any medical exams, testing, diagnosis or treatment relied upon to support any claimed injury; a statement that the expert believes to the appropriate degree of medical certainty that Physiomesh caused Plaintiff's alleged injury, along with a description of all facts, medical and scientific literature or other authorities relied upon by the expert to support such opinion; and the medical records relied upon in forming the expert's opinion. Nothing in this Order shall preclude, upon leave of Court or in accordance with other applicable law or Order, amendment of case-specific expert reports prior to trial.

    2.      Plaintiffs shall produce expert reports required in Section II.D.1 above within ninety (90) days of receipt of notice of this Order from counsel for the Defendants.

    E.      Plaintiffs shall serve the items required in Section II in accordance with the service procedures set forth in Practice and Procedure Order No. 10.

    F.      Any Plaintiff may seek relief from the obligations of this Order by motion to the Court. Absent relief being granted by the Court, any Plaintiff who fails to comply with the requirements of Section II shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. If Plaintiff fails to cure the deficiency within the Cure Period, Defendants may file any appropriate dispositive motions. Plaintiff shall thereupon have fourteen (14) days to respond to the Motion and show why the requested relief should not be granted.

    G.      To the extent that this Order conflicts with any deadlines or provisions of PPO 10, this Order shall govern.

    H.      Within forty-five (45) days of the service of the expert report required in Sections II.D.1 and II.D.2 of this Order, Plaintiff's counsel shall present Plaintiff for deposition at a time and

58943740.v1

place reasonably agreed by the parties.


**SO ORDERED** this 13th day of May, 2021.


RICHARD W. STORY
United States District Judge

58943740.v1