UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2782<br><br>CIVIL ACTION NO. 1:17-md-02782-RWS |
| THIS DOCUMENT RELATES TO ALL CASES | |

## QUALIFIED PROTECTIVE ORDER

Plaintiffs in MDL 2782 have asserted claims against defendants in the above-captioned action. These individuals have retained counsel to represent them in relation to the above-captioned action. This Court has appointed Blasingame, Burch, Garrard & Ashley, P.C., and Motley Rice, LLC (collectively as MDL Plaintiffs' Co-Lead Counsel) to represent the interests of all Plaintiffs in the Litigation and as part of a global resolution of the cases in the MDL.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. By virtue of their status as Co-Lead Counsel for the plaintiffs, Blasingame, Burch, Garrard & Ashley, P.C., and Motley Rice, LLC, shall facilitate the resolution of any potential Part A and/or Part B fee-for-service Medicare Secondary Payer (MSP) claim(s) related to settlements, judgments, awards,

or other payments associated with the above-captioned action for those settling plaintiffs who are or were Medicare beneficiaries.

2. Plaintiffs' Co-Lead Counsel have retained ARCHER Systems, LLC ("ARCHER") to identify and resolve potential healthcare liens with Medicare, Medicaid agencies, TRICARE, Veteran's Administration, Department of Defense, Indian Health Services, and private health insurers, (hereinafter, collectively "the Agencies") claim(s) related to settlements, judgments, awards, or other payments associated with the above-captioned action for those settling plaintiffs who are or were beneficiaries of the Agencies.

3. The entry of this HIPAA-compliant qualified protective order is necessary in this action in order to permit the Agencies to transmit lists of information, including protected health information and other related information regarding the settling individuals to ARCHER, rather than providing copies of individual HIPAA authorizations and information on a claimant-by-claimant basis, including any third party authorized by ARCHER or the Court to assist in the resolution of the Agencies' potential liens and reimbursement claims.

4. As such, it is hereby ordered:

   a. This Qualified Protective Order shall apply to all "protected health

information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable state law, created, received or collected from plaintiffs and claimants by the Agencies, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, identification numbers and other demographic information that identifies, or could be used to identify the settling plaintiffs; (b) eligibility and entitlement information for the settling individuals; (c) claims information relating to the past, present, or future health care of the settling plaintiffs; (d) claims information relating to the provision of healthcare to the settling plaintiffs; and, (e) claims information relating to the past, present, or future payment for the provision of healthcare to the settling plaintiffs.

b. Each Agency is hereby authorized and directed to transmit to ARCHER to assist in the resolution of potential liens or reimbursement claims, any information, including claims information and other protected

health information, for those settling plaintiffs against whom they may assert liens or reimbursement claims.

c. ARCHER shall not use or disclose any protected health information or individually identifiable health information subject to this Qualified Protective Order for any purpose other than this litigation, including compliance with any applicable Court orders or other legal obligations. Similarly, the Agencies shall only use the information of settling plaintiffs for the specific purposes of transmitting to ARCHER any information, including claims information and other protected health information, for those settling plaintiffs in the above-captioned matter against whom the Agencies have asserted liens or reimbursement claims, or in whose potential settlements the Agencies may have an interest. The Agencies shall only make the information for the settling plaintiffs available to those within their respective Agency who need access to the information for the settling plaintiffs for the specific purpose stated in this paragraph. If the Agency utilizes outside vendors or companies to perform part or all of their tort recovery practices, the outside vendors or companies shall be expressly bound by all terms and conditions of this Qualified Protective Order.

d. ARCHER shall maintain any protected health information or

individually identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by ARCHER with respect to its own confidential proprietary information.

SO ORDERED, this 22nd day of June, 2022.

_____
RICHARD W. STORY
United States District Judge

Presented by:

By: /s/ Henry G. Garrard, III
Henry G. Garrard, III
hgarrard@bbga.com
Georgia Bar No. 286300

Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, GA 30603
(706) 354-4000
(706) 549-3545 (fax)

By: /s/ Donald A. Migliori
Donald A. Migliori
dmigliori@motleyrice.com
South Carolina Bar No. 102549

Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9118